**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| PABLO RECINOS LANDAVERDE,  : | **Hon. Jerome B. Simandle** |
|                            : |  |
|              Petitioner,   : | Civil No. 12-7777 (JBS) |
|                            : |  |
|         v.                 : |  |
|                            : |  |
| JORDAN R. HOLLINGSWORTH,   : | **OPINION** |
|                            : |  |
|              Respondent.   : |  |

**APPEARANCES:**

Pablo Recinos Landaverde, #51445-018
FCI Fort Dix
P.O. 2000
Fort Dix, NJ 08640
     Petitioner Pro Se

PAUL J. FISHMAN
United States Attorney
     By:  David Bober
          Assistant U.S. Attorney
United States Attorney's Office
402 East State Street, Room 430
Trenton, NJ 08608
     Attorneys for Respondent

**SIMANDLE, Chief Judge**:

 Pablo Recinos Landaverde, a federal inmate confined at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed in the United States District Court for the Middle District of Florida, after he pled guilty to conspiracy to possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the

jurisdiction of the United States, in violation of the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503(a)(1), 70506(a), and 70506(b), and 21 U.S.C. § 960(b)(1)(B)(ii). See United States v. Landaverde, Criminal No. 09-0582 (M.D. Fla.). Respondent filed an Answer and the declaration of David Bober, together with exhibits. Petitioner filed a Reply. Having thoroughly reviewed the record, this Court will dismiss the Petition for lack of jurisdiction.

## I.  BACKGROUND

Pursuant to a guilty plea entered on March 23, 2010, Petitioner was convicted in the U.S. District Court for the Middle District of Florida of conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 21 U.S.C. § 960(b)(1)(B)(ii) and 46 U.S.C. §§ 70503(a), 70506(a) and (b), provisions of the Maritime Drug Law Enforcement Act ("MDLEA"). United States v. Landaverde, Criminal No. 09-0582 (M.D. Fla.). The district judge accepted Petitioner's guilty plea on April 7, 2010 and on June 24, 2010, Petitioner was sentenced to 168 months of imprisonment. See id.

Petitioner is now incarcerated at FCI Fort Dix in New Jersey and signed his § 2241 Petition on December 18, 2012. He brings this case stating two grounds for relief: "New 11th Circuit law, no jurisdiction to arrest and detained" and "Illegal

incarceration -- no jurisdiction for the Court to impose a prison sentence."  (Petition, docket entry no. 1, page 6 of 8.)

In a memorandum accompanying the Petition, he argues that: pursuant to United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012), the sentencing court was without jurisdiction to impose a sentence, and the "act for which Petitioner was convicted is no longer considered to be a crime, and he cannot raise this issue in a § 2255 motion."  (Petition, docket entry no. 1, memorandum at pg. 1.)

Petitioner states in his memorandum that in January of 2010 he was seized by the United States Coast guard 140 miles off the coast of Colombia.  (Petition, docket entry no. 1, memorandum at pg. 3.)  Respondents assert in their response that, on or about December 10, 2009, the Coast Guard located Petitioner's boat in international waters approximately 150-200 miles from the coast of Colombia at geo-coordinates 11.42 North, 78.18 West. (Response, docket entry no. 5, page 4.)  Upon boarding the vessel, the Coast Guard found approximately 675 kilograms of cocaine in a concealed compartment.  (See id., page 5.) Respondents further state that in his plea agreement, Petitioner admitted to the geo-coordinates of the location of his boat when stopped by the Coast Guard, confirming that the location was in "international waters."  (See id.)

Respondents argue that Bellaizac-Hurtado does not apply here because the vessel on which Petitioner was apprehended was stopped in international waters. Respondents assert that this Court should dismiss the Petition for lack of jurisdiction. (See Response, docket entry no. 5.) Petitioner filed a Reply further stating that the United States had no jurisdiction to arrest, extradite or prosecute him and thus his incarceration and sentence are illegal under Bellaizac-Hurtado. (Reply, docket entry no. 6.)

## II.  DISCUSSION

Section 2241 of Title 28 of the United States Code provides that the writ of habeas corpus shall not extend to a prisoner unless he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Nevertheless, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy by motion under § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. §

4

2255(e);[1] see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Lequillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, only where the petitioner demonstrates that he "had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Dorsainvil, 119 F.3d at 251). For example, in Dorsainvil, the Third Circuit held that § 2255 was inadequate or ineffective for Dorsainvil's claim that he was

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977). Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

imprisoned for conduct that the Supreme Court ruled in <u>Bailey v. United States</u>, 516 U.S. 137 (1995), was not a crime, where the Supreme Court issued <u>Bailey</u> after Dorsainvil's § 2255 motion was denied on the merits and after the Third Circuit ruled that Dorsainvil could not meet either of the gatekeeping requirements under 28 U.S.C. § 2255(h) to authorize the filing of a second or successive § 2255 motion.[2]  See <u>Dorsainvil</u>, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent").

Here, Petitioner claims that he is imprisoned for conduct that the Eleventh Circuit (the circuit wherein he was convicted) deemed non-criminal in <u>United States v. Bellaizac-Hurtado</u>, 700 F.3d 1245 (11th Cir. 2012) (after his conviction became final and the time to file a § 2255 motion expired).  In <u>Bellaizac-Hurtado</u>, the Eleventh Circuit reversed convictions under the Maritime Drug

---

[2] Section 2255(h) provides that a second or successive § 2255 motion must be certified by a panel of the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional laws, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(1) and (2).

6

Law Enforcement Act on direct appeal on the ground that Congress lacked "the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation."[3] Id. at 1249.

In this case, Respondent correctly contends that the holding of Bellaizac-Hurtado does not make Petitioner's conduct non-criminal because Petitioner was convicted of drug trafficking in international waters, not in the territorial waters of another nation.[4]

The vessel on which Petitioner was apprehended was 140 miles off the coast of Colombia, in international waters lying beyond

---

[3] The United States argued that the Maritime Drug Law Enforcement Act, as applied to defendants who were drug trafficking in the territorial waters of another nation, is a constitutional exercise of the power granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, §8, cl.10. See Bellaizac-Hurtado, 700 F.3d at 1248.

[4] The United States recognizes a territorial sea of 12 nautical miles. See Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 441 n.8 (1989) ("On December 28, 1988, the President announced that the United States would henceforth recognize a territorial sea of 12 nautical miles"); 1982 United Nations Convention on the Law of the Sea, Dec. 10, 1982, 1833 U.N.T.S. 3, art. 3 (entered into force Nov. 16, 1994) (Territorial waters are the coastal waters extending seaward at most for four leagues or twelve nautical miles from the baseline of a nation, and the high seas is the entire body of waters stretching seaward of the nation's territorial waters).

In the Petition, Petitioner asserts that his vessel was 140 miles from the coast of Colombia, which puts the vessel in international waters. (Petition, docket entry no. 1, memorandum at pg. 3.)

the recognized 12 mile territorial limit.  Thus, this is not a case where subsequent jurisprudence has rendered defendant's conduct non-criminal under United States law.  In addition, unlike Dorsainvil, Petitioner did not raise or attempt to raise his Bellaizac-Hurtado challenge in a § 2255 motion in the Middle District of Florida.  Accordingly, this Court finds that § 2255 is not an inadequate or ineffective remedy for Petitioner's claim and will dismiss the Petition for lack of jurisdiction.

For all the foregoing reasons, the Petition will be dismissed for lack of jurisdiction.  See Castillo v. Hollingsworth, Civil No. 12-7831, 2013 WL 1288196 (D.N.J. March 26, 2013) (collecting cases).

### III.  CONCLUSION

The Court dismisses the Petition for lack of jurisdiction.


　　　　　　　　　　　　　　　　　　 s/ Jerome B. Simandle　　
　　　　　　　　　　　　　　　　　　**JEROME B. SIMANDLE**
　　　　　　　　　　　　　　　　　　Chief Judge

Dated:    **May 21**   , **2013**